# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:21-cr-00105 |
| ) | |
| v. ) | District Judge Travis R. McDonough |
| ) | |
| REX ALLEN HAWKINS ) | Magistrate Judge Christopher H. Steger |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), the undersigned United States Magistrate Judge conducted a plea hearing in this case on June 2, 2022. At the hearing, Defendant entered a plea of guilty to Count One of the sixteen count First Superseding Indictment. On the basis of the record made at the hearing, the Court finds that Defendant is fully competent and capable of entering an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Defendant; it is made voluntarily and free from any force, threats, or promises; Defendant understands the nature of the charges and penalties provided by law; and the plea has a sufficient basis in fact. Acceptance of the plea, adjudication of guilt, acceptance of the Plea Agreement, and imposition of sentence are specifically reserved for the District Judge.

I therefore recommend that the Court: (1) grant Defendant's motion to withdraw his not guilty plea to Count One of the sixteen count First Superseding Indictment; (2) accept Defendant's guilty plea to Count One of the sixteen count First Superseding Indictment; (3) adjudicate Defendant guilty of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846; and (4) order that Defendant remain in custody pending sentencing or further order of this Court.

The Defendant's sentencing hearing is scheduled before the District Judge on **September 30, 2022, at 9:00 a.m.**

ENTER.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

You have the right to *de novo* review by the district judge of the foregoing findings. Any application for review must be in writing; must specify the portions of the findings or proceedings objected to; and must be filed and served no later than fourteen (14) days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).